Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Defendants
Jim S. Adler, P.C., James "Jim" Adler, and
William "Bill" Adler

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION EARTH, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>JIM S. ADLER, P.C., a Texas Professional Corporation; JAMES "JIM" ADLER, an individual; WILLIAM "BILL" ADLER, an individual; GRIFFITH LANDING, LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>Related Case No. 2:24-cv-10668 (C.D. Cal.)<br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**(FEDERAL QUESTION)**<br><br>State Complaint Filed: 12/11/24 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Jim S. Adler, P.C., James "Jim" Adler, and William "Bill" Adler (the "Adler Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction – Lanham Act, Title 15, United States Code), 1441, and 1446, and hereby remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Removal is proper based on federal question jurisdiction, as set forth below:

# I. PROCEDURAL BACKGROUND

1. Plaintiff Restoration Earth, LLC ("Plaintiff"), a California limited liability company, filed a complaint in the Superior Court for the County of Los Angeles, Central District, on or about December 11, 2024, Case No. 25stcv32648 (the "State Action").

2. Plaintiff named Jim S. Adler, P.C., a Texas Professional Corporation as a defendant ("JSAPC").

3. Plaintiff named James "Jim" Adler, an individual and resident of Texas as a defendant ("Jim Adler").

4. Plaintiff named William "Bill" Adler, an individual and resident of Texas as a defendant ("Bill Adler").

5. Plaintiff also named Griffith Landing, LLC a California Limited Liability Company as a defendant ("Griffith Landing").

6. A true and correct copy of the Complaint and all process, pleadings, and orders in the state court action are attached hereto as Exhibit 1 in compliance with 28 U.S.C. § 1446(a). The Adler Defendants are informed and believe that Exhibit 1 is a complete copy of the State Action file as of the date of this filing and that no further proceedings have been commenced in the state court action.

# II. RELATED CASE FILED IN FEDERAL COURT

7. On December 11, 2024, the same day it filed the State Action, Plaintiff filed a complaint in the United States District Court for the Central District of California, making essentially identical allegations for declaratory judgment of non-infringement against the Adler Defendants. That case is entitled *Restoration Earth, LLC v. Jim S. Adler, P.C., et al.*, Case No. 2:24-cv-10668 (C.D. Cal.) (the "Federal Action").

## III. THIS COURT HAS FEDERAL JURISDICTION

### A.  Federal Question

8.  Plaintiff's Complaint in the State Action (as well as in the Federal Action) asserts claims related to the Adler Defendants' federally registered trademarks and seeks remedies under federal trademark law as to the Adler Defendants, specifically the Lanham Act, 15 U.S.C. § 1051 et seq. These claims against the Adler Defendants present a substantial federal question under the Lanham Act.

9.  Federal courts have exclusive jurisdiction over claims involving the enforcement, validity, or ownership of federally registered trademarks under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Thus, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims against the Adler Defendants arise under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and this case is removable under 28 U.S.C. § 1441(a).

### B.  Supplemental Jurisdiction

10.  Plaintiff's State Action against the Adler Defendants raises a claim for a declaration of non-infringement of trademarks owned by the Adler Defendants. The State Action also seeks a declaration of "the absence of any breach of contract," but that issue apparently deals with Defendant Griffith Landing, not the Adler Defendants. Plaintiff makes an identical claim in the Federal Action.

11.  Supplemental jurisdiction arises under 28 U.S.C. § 1367, to wit, all of Plaintiff's common law claims against the Adler Defendants form part of the same case or controversy as in the Federal Action. The claims do not give rise to a novel or complex issue of state law; the State Action against the Adler Defendants does not substantially predominate over the claim or claims over which the District Court has original jurisdiction; the District Court has not dismissed any claims over which it has original jurisdiction; and there are no compelling reasons for declining jurisdiction.

12. Case precedent further authorizes this court to hear the State law claims against the Adler Defendants under supplemental jurisdiction. In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), the Supreme Court clarified that:

> "state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."

13. In the instant case all state claims and federal claims against the Adler Defendants arise from the same common nucleus of operative fact. Specifically, Plaintiff's allegations against the Adler Defendants in the State Action and the Federal Action appear nearly identical, if not actually identical. All these claims are so interrelated that Plaintiff would ordinarily be expected to try them all in a single judicial proceeding. It is not clear to the Adler Defendants why Plaintiff filed two actions, apart from Plaintiff apparently perceiving a tactical advantage to doing so.

### IV. PROCEDURAL COMPLIANCE WITH 28 U.S.C. § 1446

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

15. Plaintiff purported to serve the Federal Action on JSAPC under California Code of Civil Procedure section 415.95, "by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left."

16. Plaintiff mailed a copy of the summons and complaint in the Federal Action to JSAPC on February 8, 2025. To the extent this effected valid service, service became effective 10 days after mailing—on February 18, 2025.

17. To date, Plaintiff has not served Jim Adler or Bill Adler individually.

18. To date, Plaintiff has not served any of the Adler Defendants with the State Action.

19. Thus, pursuant to 28 U.S.C. § 1446(b), the Adler Defendants timely filed this Notice of Removal.

20. The Adler Defendants have no knowledge about Griffith Landing's involvement in this action or the status of its service. None of the Adler Defendants have any knowledge as to whether Griffith Landing has been served with the State Action. To the best of the Adler Defendants' belief and knowledge, and based on Plaintiff's allegations, the claims against the Adler Defendants and the claims against Griffith Landing are transactionally unrelated, such that Griffith Landing's consent to removal is not necessary even if it has been served with the State Action. *See, e.g.*, *Henry v. Independent American Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988). Further, the claims against Griffith Landing are not based on federal question and would not be separately removable.

21. Venue is proper in this Court under 28 U.S.C. §§ 84(c), 1391, and 1441(a) because the Superior Court action was filed in Los Angeles County, which is within the Central District of California.

22. Pursuant to 28 U.S.C. § 1446(a), the Adler Defendants file this Notice of Removal in the U.S. District Court for the Central District of California. This is the proper district for removal because the State Action is pending in the California Superior Court for Los Angeles County.

23. In accordance with the provision of 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders" in the State Action are filed with this Notice.

24. In accordance with 28 U.S.C. § 1446(d), the Adler Defendants will promptly provide written notice of this removal to Plaintiff and file a copy of this Notice with the Clerk of the Superior Court of Los Angeles County.

25. In accordance with 28 U.S.C. § 1446(d), the Adler Defendants will serve this Notice of Removal on Plaintiff via United States mail, postage prepaid.

26. Also in accordance with 28 U.S.C. § 1446(d), the Adler Defendants will promptly file a Notice of Filing a Notice of Removal with the Clerk of the Superior

Court of the State of California, County of Los Angeles, which will advise that court of this removal. <u>Exhibit A</u> to this Notice of Removal is a copy of the Notice of Filing of Notice of Removal (excluding its Exhibit 1).

## V. CONCLUSION

WHEREFORE, the Adler Defendants respectfully remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: March 7, 2025

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/Sean M. Sullivan*
Sean M. Sullivan
Attorney for Defendants
Jim S. Adler, P.C., James "Jim" Adler, and William "Bill" Adler